Mrs. L. M. Noland, Administratrix, Estate of L. M. Noland, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

L. H. Dupont, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 35257, 37144. Promulgated August 6, 1930.

*Morris A. Lottinger, Esq.,* and *L. J. Derbes, C. P. A.,* for the petitioners.

*R. W. Wilson, Esq.,* for the respondent.

OPINION.

Love: By reason of the fact that no evidence was offered at the hearing pertaining to the years 1923 and 1924, the deficiencies determined by the respondent for those years are hereby approved.

The partnership determined the average cost of all lumber produced during 1925 to be $22.11 per thousand feet. It compared this average cost of $22.11 with the actual market value of each class of lumber in the inventory, and using the lower of the two figures for inventory purposes, arrived at a total value for the inventory of $20,145.74. The respondent determined the average cost of all lumber produced during the year to be $22.134 per thousand feet, and by applying this average cost to the total number of feet of lumber in the inventory, he determined the total cost thereof to be $33,909.80. He accepted the market values which the partnership had placed upon the several classes of lumber in the inventory, but from the total market value, as computed by the partnership, he deducted the sum of $2,298.03, which was equivalent to $1.50 per thousand feet of lumber in the inventory, to take care of selling expenses, and arrived at a total market value of $27,410.34. Apparently the market values used by the partnership were the selling market values. Since the total market value was lower than the total cost, as he had computed such value and cost, the respondent fixed the value of the inventory at the market value of $27,410.34. The inventory value as thus determined by the respondent exceeds that determined by the partnership, by $7,264.60.

The respondent has taken the position, as disclosed by the examining agent's report, no brief having been filed in his behalf, that since the partnership had computed the cost of each class of lumber in the inventory, regardless of size, kind or grade, upon the basis of the average cost of production, this average cost should not be compared with actual market for the purpose of pricing the inventory at cost or market, whichever is lower, but with average market. Of course it was entirely unnecessary, under his theory, that average cost should be compared with average market to compute the cost and market value of each class of lumber in the inventory in order to determine which was the lower, because he was spreading total cost and total market over the same quantities, and since the latter was lower than the former, it was obvious that the market of each class must be lower than cost. Hence, he avoided all unnecessary mathematical calculations by simply comparing total cost with total

market, and taking the lower of the two totals as the value of the inventory. The result would not have been different had he valued each class at the lower of average cost and average market.

The respondent's action in increasing the average cost from $22.11 to $22.134 per thousand feet and in reducing the market values by $1.50 per thousand feet to take care of selling expenses, resulted in a net decrease in the value of the inventory as fixed by the partnership. It is apparent, therefore, that the whole amount by which the respondent's inventory value exceeds the partnership's inventory value, to wit, $7,264.60, is attributable to the fact that the partnership has valued the inventory upon the basis of average cost or actual market, whichever is lower, while the respondent has valued the inventory upon the basis of average cost or average market, whichever is lower.

This controversy could not have arisen but for the fact that the system of accounts maintained by the partnership does not permit of an accurate determination of the cost of production of each class of lumber in the inventory. It is not possible to make even a reasonable allocation of the total cost of production to the various classes of lumber produced, as required by article 1617 of Regulations 69, promulgated under the Revenue Act of 1926, which is controlling as to the year 1925, because information is lacking as to the quantity of each class produced. It would not be safe to draw any conclusion as to the quantity of each class produced from the ratios disclosed by the inventory, because there is no information as to the quantity of each class sold during the year, and obviously the ratios in the inventory would be an accurate index as to the quantity of each class produced only under the most unusual circumstance that the sales of each class were in direct proportion to the production. So, it appears that the parties have taken the most expedient course, in fact, the only course which appears to be open to them, and have assigned the same average cost to each class of lumber in the inventory; but they can not agree as to whether this average cost is to be compared with the actual market or with the average market of each class, for the purpose of arriving at an inventory value based upon cost or market, whichever is lower.

Whatever may be said as to the relative merits of the two methods used by the parties, there is nothing in the record which would justify a conclusion that income would be more clearly reflected by valuing the inventory upon the partnership basis of average cost or actual market, whichever is lower, than upon the basis used by the respondent. To this we may add that the partnership basis of valuation does not appeal to us as having any superior qualities of true reflection of income than that used by the respondent. In fact, we think that of the two bases, it is the more deficient in that

respect. There is little to commend a method of inventory valuation under which the same average cost of $22.11 per thousand feet is assigned to every class of lumber in the inventory, and compared with actual market values ranging from $5 to $75 per thousand feet. The comparison is of unlike things, the average with the actual, and there being no reasonable relation between the two, the comparison establishes no economic fact of any value for the purposes of the tax. Lacking information which would have permitted of an allocation of cost to the various classes of lumber produced with a reasonable degree of accuracy, the respondent appears to have taken the most logical course toward a clear reflection of income, by taking the lower of total cost or total market as the inventory valuation.

Petitioners urge that their actual experience in the following year 1926, when their business was closed out, shows that the closing inventory value, even as used by themselves, was too high, and that the value used by the Commissioner would accentuate the error.

If it be conceded that evidence of such experience in a subsequent year be pertinent and admissible, we believe it has very little probative force. If the total market price of the lumber in question as used by the Commissioner, and slightly less than that stated by petitioners, declined in the subsequent year, or if other causes brought about a loss, such a situation could not affect the situation as it existed at the close of 1925.

The deficiencies are hereby redetermined as follows:

| Year | Mrs. L. M. Noland, Administratrix | L. H. Dupont |
|---|---|---|
| 1923 | $36.48 | $36.47 |
| 1924 | 66.09 | 70.78 |
| 1925 | 313.72 | 335.55 |

*Judgment will be entered for the respondent.*